MAURIS HARLA AND ROBERT A. JUSTICE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Justice v. Commissioner
Docket No. 3176-95
United States Tax Court
T.C. Memo 1995-308; 1995 Tax Ct. Memo LEXIS 311; 70 T.C.M. (CCH) 46; July 13, 1995, Filed *311 An appropriate order of dismissal and decision will be entered. Mauris Harla and Robert A. Justice, pro sese. For respondent: Lynne Camillo and Richard Goldman. DAWSON, DEAN
DAWSON; DEAN
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge John F. Dean pursuant to the provisions of section 7443(a)(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE DEAN, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, filed pursuant to Rule 40. Petitioners resided in Seattle, Washington, at the time the petition in this case was filed. Respondent's Notices of Deficiency
On December 2, 1994, respondent mailed *312 petitioners respective notices of deficiency in which she determined the following deficiencies in and additions to petitioners' Federal income taxes: Petitioner, Mauris Harla Justice
Taxable
Additions to Tax
Year Ended Deficiency
Sec. 6651(a)(1)
Sec. 6654(a) December 31, 1991
$ 8,680
$ 1,995
$ 431
Petitioner, Robert A. Justice
Taxable
Additions to Tax
Year Ended
Deficiency
Sec. 6651(a)(1)
Sec. 6654(a)
December 31, 1991
$ 1,594
$ 399
$ 92
The deficiencies in income taxes are based on respondent's determination that petitioners received compensation and interest during the year 1991, no part of which was reported on a tax return for that year. The additions to tax under section 6651(a)(1) are based on respondent's determination that petitioners' failure to file any Federal income tax return for 1991 was not due to reasonable cause. The additions to tax under section 6654 are based on respondent's determination that petitioners failed to pay the required estimated income tax for 1991. The Petition and Respondent's Motion To Dismiss
On February 27, 1995, this Court received and filed petitioners' petition. On March 31, 1995, respondent *313 filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted under Rule 40, and requested therein that the United States be awarded damages under section 6673. Petitioners did not file a notice of objection. By Order dated April 3, 1995, this Court directed petitioners to file an amended petition, stating specific allegations of error in the notices of deficiency and a separate statement of facts, on or before May 1, 1995. In addition, this Court set respondent's motion for hearing on May 10, 1995. Petitioners filed an amended petition on April 21, 1995, and a hearing was held in accordance with the Order. Respondent asserts that this case should be dismissed for failure to state a claim because petitioners failed to allege in the petition any justifiable error, and merely assert frivolous protester-type arguments. Petitioners' arguments, as best as we can discern, are: (a) "Social Security" [the self-employment tax of sections 1401-1403] only applies to nonresident aliens and petitioners are U.S. citizens; and (b) the amount received from the "sale of labor" is a nonrecognition transaction and not subject to income tax. Discussion
Rule 40 provides *314 that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. The Court may dismiss a petition when it appears beyond doubt that the petitioner can prove no set of facts in support of the claim that would entitle him to relief. Under Rule 34(b)(4) and (5), a petition must contain "Clear and concise assignments of each and every error which petitioner alleges to have been committed by the Commissioner in the determination of the deficiency" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error". Moreover, any issue not raised in the pleadings is deemed conceded. Rule 34(b)(4); ; . In general, determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); . The petition filed in this case does not satisfy the requirements of Rule 34(b)(4) *315 and (5). There is neither assignment of any error, nor any allegation of fact in support of a justifiable claim. Instead, there is nothing in petitioners' filings but a hodgepodge of tax protester rhetoric, irrelevant platitudes, unsupported assertions, and legalistic gibberish. Further, petitioners did not file a proper amended petition as directed by the Court in its Order dated April 3, 1995. It would be wasteful to further elaborate or evaluate petitioners' contentions in this opinion. "To do so might suggest that these arguments have some colorable merit." , affg. per curiam an unreported Order of this Court. Petitioners are referred to respondent's memorandum of points and authorities for the citation to cases that have already adequately addressed petitioners' contentions. Petitioners have failed to state a claim upon which relief can be granted. Accordingly, we shall grant so much of respondent's motion as moves to dismiss. See . Section 6673 Penalty
We turn now to that part of respondent's *316 motion that moves for an award of sanctions against petitioners under section 6673(a). Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $ 25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. The record in this case convinces us that petitioners were not interested in disputing the merits of either the deficiencies in income taxes or the additions to tax determined by respondent in the respective notices of deficiency. Rather, the record demonstrates that petitioners regard this case as a vehicle to protest the tax laws of this country and espouse their own misguided views. A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." , affg. an unreported order of this Court. Based on well-established law, petitioners' position is frivolous and groundless. We are also convinced that petitioners *317 instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay. Dealing with this matter wasted the Court's time and respondent's time, and taxpayers with genuine controversies were delayed. In view of the foregoing, we shall exercise our discretion under section 6673(a)(1) and require petitioner, Mauris Harla Justice, to pay a penalty to the United States in the amount of $ 3,000. We shall require petitioner, Robert A. Justice, to pay a penalty to the United States in the amount of $ 750. See , affg. ; ; . An appropriate order of dismissal and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩